UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM L. RICE,

    Plaintiff,               CIVIL ACTION NO. 06-15312

    v.                        DISTRICT JUDGE BERNARD A. FRIEDMAN

WELLS FARGO HOME MORTGAGE,    MAGISTRATE JUDGE VIRGINIA MORGAN

    Defendant.
_____/

## REPORT AND RECOMMENDATION DENYING
## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

This matter is before the court on the motion of the plaintiff to enter a default judgment. Oral argument was held before the magistrate judge on May 16, 2007. For the reasons set forth in this Report, and in the accompanying Order Granting the Defendant's Motion to Set Aside the Clerk's Entry of Default, it is recommended that the plaintiff's motion be denied. In conformance with the terms of that Order Setting Aside Clerk's Entry of Default, defense counsel has agreed to enter an appearance for defendant and defend the action, and to accept service of the Amended Complaint shown on the docket (# 3). Defendant's answer to the same is due June 6, 2007.

This action arises out plaintiff's default[1] under the terms of a mortgage assigned to Wells Fargo Bank NA. Following plaintiff's non-payment, foreclosure proceedings were commenced under Michigan law. On January 5, 2007, a Sheriff's sale took place pursuant to the law of the State of Michigan and Wells Fargo Bank NA was the successful purchaser at the sale. Plaintiff then filed this action *pro se*, seeking to challenge the sale, foreclosure, and related matters. Plaintiff alleges that he had someone serve defendant by certified mail. Certified mail receipts show defendant served at an address in Iowa and an address in South Carolina, with dates of December 12, 2006 and February 6, 2007.

Federal Rules of Civil Procedure (F.R.C.P.) Rule 55 provides that for good cause shown, the court may set aside and entry of default, and if a judgment by default has been entered may likewise set it aside. In this case, good cause is clearly shown. Plaintiff has not shown that he is entitled to default judgment.

Plaintiff's service of the complaint and amended complaint on defendant was defective as a matter of fact and as a matter of law. The service of process failed to comport with the requirements of FRCP Rule 4. No waiver of service was ever obtained from defendant and no service was made on any officers, managing or general agents, or agents authorized by law to receive process. Although a name, T. McNulty, is given on one receipt, defendant states that no

---

[1] It is unfortunate that the term default is used to describe both the fact that plaintiff failed to make payments under the terms of the mortgage and also in the context of defendant's failure to answer. These are quite different concepts but the court will make every effort to keep the distinction clear.

one by that name is authorized to receive service for defendant. Plaintiff failed to serve the registered agent for defendant in Michigan.

In addition, although F.R.C.P. Rule 4 (e) permits a plaintiff to serve in conformance with state law, plaintiff's service failed to comply with applicable Michigan law. See, M.C.R. § 2.105(D)(1). Again, he did not serve either an officer or registered agent and send a copy to the principal office of the corporation.

Not only was service improperly effected, but the summons was deficient on its face as it failed to be signed by the Clerk, bear the seal of the Court, and otherwise conform to the requirements to F.R.C.P. Rule 4(a).

Although defendant argues that plaintiff's claims also fail on the merits, such an argument is beyond the scope of the motion and will not be addressed.

Accordingly, it is recommended that the plaintiff's motion for entry of default judgment be denied and the case proceed as set forth above.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                  s/Virginia M. Morgan
                                                VIRGINIA M. MORGAN
                                                UNITED STATES MAGISTRATE JUDGE

Dated: May 23, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff on May 23, 2007.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan