UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM L. RICE,

       Plaintiff,                           CIVIL ACTION NO. 06-15312

       v.                                DISTRICT JUDGE BERNARD A. FRIEDMAN

WELLS FARGO HOME MORTGAGE,    MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This matter is before the court on defendant's motion to dismiss (D/E #24) and plaintiff's response to defendant's motion to dismiss (D/E #37). This Court previously issued a report and recommendation finding that plaintiff's claim should be dismissed (D/E # 44), but it vacated that order on the same day (D/E # 45). For the reasons set forth below, it is recommended that defendant's motion to dismiss be construed as a motion for summary judgment and that the motion for summary judgment be **GRANTED**.

### II. Background

This action arises out plaintiff's alleged default under the terms of a mortgage assigned to Wells Fargo Bank NA. Following plaintiff's non-payment, foreclosure proceedings were commenced under Michigan law. On January 5, 2007, a Sheriff's sale took place pursuant to the

law of the State of Michigan and Wells Fargo Bank NA was the successful purchaser at the sale. Plaintiff then filed this action *pro se*, seeking to challenge the sale, foreclosure, and related matters.

On November 30, 2006, plaintiff, a *pro se* litigant, filed a complaint against defendants (D/E #1). On December 7, 2006, plaintiff amended his complaint (D/E #3), but it is still not exactly clear what plaintiff alleges in his amended complaint. The amended complaint is described, in its title, as a complaint for repelvin and damages. Plaintiff seems to allege that defendant executed an improper foreclosure on property in which plaintiff had a security interest. The foreclosure was alleged to be improper because defendant never presented plaintiff with proof that plaintiff owed it a debt and because defendant never recorded any assignment to foreclose or a properly recorded mortgage. Plaintiff requested that he be awarded possession and ownership of the property in question and that a judgment be entered against defendant in the amount of $388,000.00

On June 4, 2007, defendant filed a motion to dismiss plaintiff's complaint (D/E #24), arguing that plaintiff's amended complaint is solely comprised of conclusory statements and irrelevant references to various federal and state statutes. Defendant also argued that the mortgage at issue in this case is not a mortgage held by the Secretary of Housing and Urban Development ("HUD") mortgage, and that plaintiff had failed to state a claim upon which relief could be granted.

On July 11, 2007, plaintiff filed a response to plaintiff's motion to dismiss (D/E #37). In that response, plaintiff acknowledged that there were some conclusory statements in his

complaint, but he also argued that he is a *pro se* litigant and should not be held to the standards of a practicing attorney. Plaintiff further argued that he stated an action pursuant to the Single Family Foreclosure Act and should be granted ownership and possession of the real proper seized by defendant. Plaintiff also alluded to claims pursuant to his security interest in the home and 24 U.S.C. § 27.15(g)

### III. Standard of Review

Defendants seek dismissal of plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. Kottmyer, 436 F.3d at 688.

The standard for deciding a 12(b)(6) motion has been traditionally stated as follows: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kottmyer, 436 F.3d at 688, quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Recently, however, the Supreme Court revised the "no set of facts" portion of the Rule 12(b)(6) standard in Bell Atlantic Corp. v. Twombly, __ U.S. __, __, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Twombly held that the "famous" no-set-of-facts

formulation "has earned its retirement," and instead dismissed the plaintiff's antitrust-conspiracy complaint because it did not contain facts sufficient to "state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. Significant "uncertainty as to the intended scope of the Court's decision [in Twombly ]" persists, however, particularly regarding its reach beyond the antitrust context. Iqbal v. Hasty, No. 05-5768-CV, __ F.3d __, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007) (applying the plausibility standard in the context of a motion to dismiss Iqbal's § 1983 claims based on qualified immunity). The Sixth Circuit has not expressly ruled on the scope of Twombly, but several cases have mentioned it. On August 15, 2007, the Sixth Circuit noted that in Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided after Twombly, the Supreme Court reaffirmed that Rule 8(a) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." Lindsay v. Yates, __ F.3d __, 2007 WL 2316626 at *4 n. 6 (6th Cir. August 15, 2007), quoting Erickson, 127 S.Ct. at 2200. Lindsay, however, did not require that the court decide the question of if or how Twombly changed the pleading requirements of Fed. R. Civ. Pro. 8(a). On August 24, 2007, the Sixth Circuit noted the uncertainty of Twombly's effect. Weisbarth v. Geauga Park District, __ F.3d __, 2007 WL 2403659 at *3 (6th Cir. August 24, 2007). On August 28, 2007, the Sixth Circuit applied, without comment, the standard from Twombly. League of United American Citizens v. Bredesen, __ F.3d __, 2007 WL 2416474 at *2 (6th Cir. August 28, 2007). On September 25, 2007, the Sixth Circuit applied Twombly, which it found "requires that the factual allegations of a complaint 'be enough to raise a right to relief above the speculative level.'" Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, __ F.3d __, 2007 WL 2768285 at *3, (6th

Cir. September 25, 2007) while the dissent argued that Twombly did not alter the federal pleading requirements. Association of Cleveland Fire Fighters, 2007 WL 2768285 at *8.

The effect of Twombly is important to a motion for dismissal, but given that both parties attached exhibits to their briefs, defendant's motion is more appropriately deemed a motion for summary judgment. Summary judgment is governed by Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV. Discussion

In this case, defendant primarily argues that statements made in plaintiff's amended complaint are false, including plaintiff's assertions that defendant did not have an interest in plaintiff's mortgage and that the mortgage in question was a HUD loan. In making those arguments, defendant relies heavily on two exhibits; the mortgage and the assignment of mortgage. In his response to defendant's motion, plaintiff also provides a number of exhibits. In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto. See, e.g., Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir.2001).

Given defendant's reliance on extrinsic evidence in its brief, the motion to dismiss should be treated as a motion for summary judgment and disposed of as provided in Fed. R. Civ. Pro. 56. A district court's power to grant summary judgment sua sponte is found in Fed. R. Civ. P. 12(b), which gives a district court the authority to consider a motion to dismiss as a motion for summary judgment where the parties present materials outside the pleadings. See Fed. R. Civ. P. 12(b); see also Employers Ins. Of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 104-05 (6th Cir. 1995). That rule expressly states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relied can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. [Fed. R. Civ. Pro. 12(b).]

Whether a district court must provide actual notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case. See Salehpour v. University of Tennessee, 159 F.3d 199, 204 (6th Cir. 1998). However, "[w]here one party is likely to be surprised by the proceedings, notice is required." Salehpour, 159 F.3d at 204.

In this case, defendant submitted extrinsic material to the court as exhibits to its motion to dismiss. In response to defendant's motion, plaintiff also included exhibits extrinsic to the pleadings. In their briefs, both parties comprehensively addressed the question of whether the mortgage in this case is a "single family mortgage." The exhibits provided and arguments made by the parties show that they had sufficient notice that the district court could consider this outside material when ruling on the issues presented in defendant's motion to dismiss and could convert it into a motion for summary judgment under Fed.R.Civ.P. 12(b). See Shelby County Health Care Corporation v. Southern Council of Industrial Workers Health and Welfare Trust Fund, 203 F.3d 926, 931-932 (6th Cir. 2000) (holding that parties had sufficient notice that the district court could consider outside evidence when ruling on the issues presented in the defendant's motion to dismiss and could convert it into a motion for summary judgment where

both parties submitted numerous exhibits fully addressing the defendant's argument for dismissal). Moreover, this Report and Recommendation can serve as notice to the parties that the district court may be converting defendant's motion into a motion for summary judgment and the parties may submit any additional evidence they have on the question of whether the mortgage in this case was a "single family mortgage" in any objections they have to this Report and Recommendation.

Plaintiff asserts that he stated a claim pursuant to The Single Family Mortgage Foreclosure Act, 12 U.S.C. §§ 3751 to 3768. Within that Act:

> The term "single family mortgage" means a mortgage that covers property on which there is located a 1- to 4-family residence, and that–
> (A) is held by the Secretary pursuant to title I or title II of the National Housing Act [12 U.S.C.A. § 1702 et seq., § 1707 et seq.]; or
> (B) secures a loan obligated by the Secretary under section 1452b of Title 42, as it existed before the repeal of that section by section 12839 of Title 42 (except that a mortgage securing such a loan that covers property containing nonresidential space and a 1- to 4-family dwelling shall not be subject to this chapter). [12 U.S.C. § 3752(10).]

Single-family mortgages encumbering real estate located in any state may only be foreclosed by the Secretary in accordance with the Act or pursuant to other foreclosure procedures available, at the option of the Secretary. 12 U.S.C. § 3753. The Act provides for the designation of a foreclosure commissioner and for the commencement of foreclosure upon the Secretary's request. 12 U.S.C. § 3754, § 3756.

It is undisputed that defendant did not foreclose upon plaintiff's property in accordance with The Single Family Mortgage Foreclosure Act and, therefore, the dispute in this case is whether plaintiff's mortgage was a single family mortgage.

Defendant provided the mortgage instrument between plaintiff and Mortgage Electronic Registration Systems, Inc. ("MERS") and a later assignment of that mortgage from MERS to defendant (Exhibits A and B attached to defendant's motion to dismiss). In his response, plaintiff provided what he calls the Uniform settlement statement, the HUD-1, used in the initial mortgage transaction (Exhibit I attached to plaintiff's response to defendant's motion to dismiss). The evidence provided shows that the mortgage in this case is not a single family mortgage as defined by The Single Family Mortgage Foreclosure Act as the mortgage is neither held by the Secretary of HUD pursuant to title I or title II of the National Housing Act nor secured by a loan obligated by the Secretary under section 1452b of Title 42. The mortgage may be, as alleged by plaintiff, a "federally related mortgage loan" as defined in 12 U.S.C. § 2602, but plaintiff's claim is based on his mortgage being a single family mortgage and the evidence clearly establishes that the mortgage is not a single family mortgage. As there is no genuine dispute on that material issue, and defendant is entitled to judgment as a matter of law, summary judgment should be granted.

## V.  Conclusion

For the reasons discussed above, the court recommends that defendant's motion to dismiss be construed as a motion for summary judgment, that the motion be **GRANTED,** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

    s/Virginia M. Morgan
    Virginia M. Morgan
    United States Magistrate Judge

Dated:  October 26, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendationt was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on October 26, 2007.

                                              s/Jane Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan