UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM L. RICE,

       Plaintiff,

vs.

WELLS FARGO HOME MORTGAGE,

       Defendant.
_____/

Civil Action No.
06-CV-15312

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER ACCEPTING AND ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

       This matter is presently before the Court on Defendant's Motion to Dismiss [docket entry 24]. On October 26, 2007, Magistrate Judge Virginia Morgan submitted a Report and Recommendation ("R&R"), recommending that the Court construe Defendant's Motion to Dismiss as a Motion for Summary Judgment and that the Motion for Summary Judgment be granted. On November 5, 2007, Plaintiff filed objections to the Magistrate Judge's R&R. Defendant filed a response to Plaintiff's objections on November 7, 2007.

       The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Plaintiff's sole objection is that the Magistrate Judge should not have converted Defendant's Motion to Dismiss into a Motion for Summary Judgment. (*See* Pl.'s Objection at 2.) The Court has had an opportunity to fully review this matter and believes that Magistrate Judge Morgan correctly and thoroughly analyzed all the issues presented. For the reasons stated below, the Court will accept and adopt the Magistrate

Judge's R&R as the findings and conclusions of this Court, and grant Defendant's Motion for Summary Judgment.

I.  **PROCEDURAL HISTORY**

On November 30, 2006, Plaintiff, proceeding *pro se*, filed his Complaint. On December 7, 2006, Plaintiff filed an Amended Complaint. On June 4, 2007, Defendant filed a Motion to Dismiss. Plaintiff filed a response on July 11, 2007. On October 26, 2007, Magistrate Judge Morgan issued an R&R, in which she recommended that Defendant's Motion to Dismiss be construed as a Motion for Summary Judgment and that the Motion for Summary Judgment be granted. Plaintiff filed objections to the Magistrate Judge's R&R on November 5, 2007. Defendant filed a response to Plaintiff's objections on November 7, 2007.

II. **PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S R&R**

Plaintiff's only objection to Magistrate Judge Morgan's R&R relates to the Magistrate Judge's decision to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. Plaintiff argues that "[t]he Magistrate has taken it upon herself to interpret and change the intent of the Defendants [sic] motion to dismiss." (Def.'s Objection at 2.) The Court does not agree. In her R&R, Magistrate Judge Morgan fully explained the rationale behind her decision to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. Moreover, Plaintiff cites no legal authority in support of her argument that Defendant's Motion to Dismiss was improperly converted. For all the reasons stated by Magistrate Judge Morgan, the Court finds that the conversion was proper.

Plaintiff argues that Magistrate Judge Morgan is "practicing law as opposed to adjudicating the dispute . . ." (Pl.'s Objections at 2.) Not so. Rule 12(b) expressly authorizes the

2

conversion in this case. Under Rule 12(b), the court has the authority to convert a motion to dismiss into a motion or summary judgment *sua sponte*: "[i]f, on a motion . . . to dismiss for failure of a pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . " FED. R. CIV. P. 12(b). Indeed, according to the Sixth Circuit, "[i]t is permissible in this circuit for a District Court to enter a summary judgment *sua sponte*." *Harrington v. Vandalia-Butler Bd. of Ed.*, 649 F.2d 434, 436 (6th Cir. 1981) (citing *Kistner v. Califano*, 579 F.2d 1004, 1006 (6th Cir. 1978)).

Rule 12(b) does, however, require that a court "afford the party against whom summary judgment will be entered advance notice as required by Rule 56 and an adequate opportunity to show why summary judgment should not be granted." *Kistner*, 579 F.2d at 1006. According to the Sixth Circuit, "[w]hether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case." *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998) (citing *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975)). "Where one party is likely to be surprised by the proceeding, notice is required." *Id.*

In *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health and Welfare Trust*, 203 F.3d 926, 931-32 (6th Cir. 2000), the court found that where both parties

> submitted numerous exhibits fully addressing the [defendant's] argument for dismissal, they had sufficient notice that the district court could consider this outside material when ruling on the issues presented in the [defendant's] motion to dismiss and could convert it into a motion for summary judgment under Fed. R. Civ. P. 12(b).

In this case, both parties addressed the issue of whether Plaintiff's mortgage was a "single family

3

mortgage" using extrinsic evidence. Defendant, in its Motion to Dismiss, relied on two exhibits: the mortgage and the assignment of mortgage. (*See* Def.'s Mot. to Dismiss at Ex. A-B.) Moreover, Plaintiff also relied heavily on evidence extrinsic to the pleadings in her response brief. Indeed, Plaintiff attached ten exhibits to her brief. (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss at Ex. A-J.) Just as the extrinsic evidence submitted by the parties in *Shelby County Health Care Corp.* provided sufficient notice that the court could convert the motion to dismiss into a motion for summary judgment, so too is the case here. Accordingly,

IT IS ORDERED that Plaintiff's objections to the Magistrate Judge's Report and Recommendation are overruled.

IT IS FURTHER ORDERED that Magistrate Judge Morgan's Report and Recommendation of October 26, 2007, is accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted.

        __s/Bernard A. Friedman_____
        BERNARD A. FRIEDMAN
        CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 19, 2007
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman